Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | John L. Darrah |
|---|---|---|---|
| **CASE NUMBER** | 10-cv-4991 | **DATE** | 9/30/10 |
| **CASE TITLE** | Bank of New York Mellon v. Ribadeneira et al. | | |

## DOCKET ENTRY TEXT

The Bank of New York Mellon's Motion for Remand [8] is granted. The Clerk is directed to remand this case to the Superior Court of the State of Arizona, Maricopa County, forthwith. All other pending motions are denied as moot. For further details, see statement below.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    The following information is taken from documents filed in this case, as well as those filed in another case involving the same real estate that is the subject of the instant litigation: *Stoller v. Bank of New York Mellon Trust Co.*, No. 10-cv-2028 (N.D. Ill. Apr. 26, 2010) (Holderman, J.).

    In July 2010, an action for forcible detainer was filed in Arizona state court by the Bank of New York Mellon (the "Bank") against Rae Ribadeneira and ten unnamed occupants. The bank asserts that it is the recorded owner of certain real property purchased at a Trustee's Sale on 2/8/10 and that the defendants unlawfully continue to reside there.

    On 8/9/10, Christopher Stoller filed a Notice of Removal in this Court and paid the $350 filing fee. Stoller, a Lake County, Illinois pretrial detainee in a pending criminal case, claims he has an interest in the property that is the subject of the Arizona action. He does not, however, claim to be a named party in that action.

    On 8/31/10, the Bank filed a Motion for Remand. Stoller filed a response to that motion, to which he attached a copy of a Quit Claim Deed, purportedly showing that Ribadeneira transferred all interest in the subject property to the "Christopher Stoller Pension and Profit Sharing Plan LTD," in exchange for $10 "and other valuable considerations."

    Stoller has also filed numerous papers in addition to his response to the instant motion: (1) an answer to the Bank's complaint; (2) a motion to transfer this action to Judge Holderman; (3) an amended answer (with 14 counterclaims); (4) an application for leave to proceed *in forma pauperis*; (5) a motion requesting 30 days in which to obtain counsel; (6) a motion for appointment of counsel; and (7) notice of a Lake County court order showing that Stoller was recently declared unfit to stand trial or enter a plea in his pending criminal case. On 9/8/10, an attorney, Martin Tiersky, filed an appearance on Stoller's behalf. At a status conference on 9/16/10, however, Tiersky informed the Court that he was only appearing for the limited purpose of assisting Stoller in his motion for appointment of counsel. Tiersky has not signed any of the papers filed in this action, all of which have been signed by Stoller, himself.

| STATEMENT |
|---|

In its Motion for Remand, the Bank asserts that removal is improper under 28 U.S.C. § 1446 and that Stoller's purported removal represents an attempt by his father, Leo Stoller, to circumvent executive committee orders that prohibit Leo Stoller from pursuing claims in this Court.

On 3/4/10, Leo Stoller filed a complaint in Cook County against the Bank and others. *See Stoller v. Bank of New York Mellon Trust Co.*, No. 10-cv-2028 (N.D. Ill. Apr. 26, 2010) (Holderman, J.). The Bank removed the case to this district court. The Arizona property that is the subject of the instant litigation was also the subject of the case before Judge Holderman, and many of the counterclaims Christopher Stoller has filed in the instant litigation are nearly identical to those filed by Leo Stoller in Cook County. As it turns out, the Seventh Circuit had entered an order directing "the clerks of all federal courts in this circuit . . . to return unfiled any papers submitted either directly or indirectly by [Leo Stoller] or on [Leo Stoller's] behalf." *Id.* at 1 (citing Case No. 08-4240, Dkt. No. 35 at 2 (7th Cir. Dec. 4, 2009)). Accordingly, Judge Holderman dismissed Leo Stoller's federal claims and remanded his state-law claims. *Id.* at 5.

Although the circumstances surrounding Christopher Stoller's attempt to remove the Arizona action to this Court are, indeed, suspicious (particularly, as set out above, in light of the fact that Christopher Stoller was recently found unfit to stand trial in a criminal case) it is unnecessary to undertake any further inquiry as to whether Christopher Stoller is merely serving as a straw man in order to circumvent the order issued against Leo Stoller. Christopher Stoller's notice of removal in this action is invalid under the plain language of the removal statute, which provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ***by the defendant or the defendants***, to the district court of the United States ***for the district and division embracing the place where such action is pending.***

28 U.S.C. § 1441(a) (emphasis added). Thus, removal of the Arizona action to this Court is improper for at least two reasons: (1) Christopher Stoller is not a defendant in the Arizona action; and (2) removal, even if otherwise proper, would have to be to the United States District Court for the District of Arizona.

Accordingly, the Bank's Motion for Remand is granted. All other pending motions are denied as moot.